Good morning, your honors. My name is Randolpho Lopez and I represent Alejandro Salgado-Urias. The acoustics in this room are horrible and if you can articulate as best you can, it will overcome to some degree the fact that the mic always makes it sound as if you're mumbling. Well, maybe I do mumble, your honor, but... No, the problem is with the acoustics in the room to some degree with our amplification system. I will do my best, your honor. Randolpho Lopez, your honor, representing the appellant Alejandro Salgado-Urias. Your honor, I would like to reserve 90 seconds for a rebuttal argument. Keep your eye on the clock. It counts down. Pardon? Keep your eye on the clock. It counts down. Very well, your honor. Your honor, in this particular case, the defendant or appellant had a prior Arizona criminal conviction for solicitation of a drug possessing a marijuana for sale. The court, this court has held in two previous cases and in Olivera-Sanchez in 2003 case, reaffirmed those decisions indicating that the Arizona solicitation offense is a complete and different distinct offense that stands on its own merits notwithstanding which other crime it may be affiliated or referred to. And in those particular cases, although they were immigration cases, they nonetheless found that the solicitation offense in and of itself, even though, for example, the Leyva-Lasea case was in exactly the same statute as is in this case, they found that it was not a drug trafficking crime. And hence, in that case, it was found not to be deportable. How do you get out from under our decision and shoemade? Well, your honor, I think in the decision in shoemade, it had the particular statute that they were referring to. Solicitation was encompassed within that very statute that it was that the shoemade was accused of violating. And the solicitation there then falls within that particular distinction where it is part of the offense for which it was charged. In shoemade, is solicitation a narrower term than solicitation under Arizona law? Arizona law includes encouragement. Was encouragement included under the Oregon solicitation statute? I don't believe it was, your honor. Okay. But in shoemade, the distinction lies, your honor, in this other states, in this within this circuit, and in this circuit the way that it has interpreted the solicitation offense, and I have no quarrel with a statute that has within the offense committed the word solicitation. In this particular instance, it does not. The Arizona statute specifically has its own statute for solicitation that other states in the Ninth Circuit does not have. For example, as clearly indicated in the backdrop that the Olivera Sanchez in 2003 indicated, they went through both of those cases and once again reaffirmed that the Arizona case law was completely different, that the Arizona solicitation offense was complete and distinct and a very different crime from that of a completed crime of being a drug trafficking crime. In that particular instance. But, your honor, what I'm saying that then, because that is the case, then the – it should not have been applied as it was in this particular case to use it to give my client the 16-level enhancements, what ended up in the 46-month sentence that he received. I'm looking at the Arizona statute to which he pled guilty. Such a person commands, encourages, requests, or solicits another person to engage. It sounds as though this statute differentiates between solicitation, as would be defined under Arizona law, and encourages. Correct. Unless this is an insurance policy in which they give you ten synonyms in a row. Okay. Your honor, so Mr. Zagalia's position is simply that it should not have been applied in this particular case. Arizona is such a distinct State and has, for whatever reasons the Arizona legislature decided to do it, they have the solicitation offense. So in that particular case, then, it should not have been applied, even though the solicitation is used, they can then use it as they, as the government wishes it to be because the Ninth Circuit and other case law from the Ninth Circuit, because the solicitation word is used in conjunction with those particular offenses that have been committed where it is part and parcel of the offense that was committed, not as it is in Arizona where it is distinct and apart from the actual statute that is being referred to as the offense, the statute where the offense was committed. To that end, then, Your Honor, the, it was an error for the Court to apply that 16-level enhancement, and it should have only been a four-level enhancement. Secondly, Your Honor, is the factors that, because this was the only prior conviction in Mr. Salgado Urias's case and it was 13 years old at the time that he was sentenced, I'm asking that the sentence that was meted out, although within the guidelines it still was unreasonable pursuant to a mesca, a mescua vazquez, that he should have received a sentence a bit lower than that. Okay. Thank you, Your Honor. Okay. You've saved quite a bit of time, and you can have that if you wish to use it after we've heard from the government. Very well, Your Honor. Thank you. May it please the Court. I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. In this case, the defendant was convicted of solicitation to possess marijuana for sale. There is, I don't think there's any dispute that the crime of possessing marijuana for sale meets the guidelines definition of a drug trafficking crime. The issue in this case is whether solicitation to commit that. And offense does. Well, the name of the statute, or sort of the heading for the statute, is solicitation. But, in fact, the statute has several things. You're guilty of the statute if you command, if you encourage, if you request, or if you solicit. That is correct. But in this, this Court has held in interpreting nearly identical language in another case. In this case, the offense does fall within the guideline definition. What other case are you referring to, counsel? I'm talking about the Shoemade and Cox case, which are interpreting 4B1.2, which has virtually the identical language about it includes attempts, conspiracies. But there's a real significant difference there. Cox was interpreting a different guideline and a different prong, right? So it's the career offender guideline, and it was looking at the crimes of violence prong, which had a different, a very different definition, right? But what it was specifically interpreting was the explanatory note that says that the crimes listed include the offenses of aiding and abetting conspiracy and attempting to commit such offenses. That's virtually the identical language that's in the immigration guideline, the 201.2. And that's the language that's at issue here, actually. Counsel, it's very distinguishable, though, isn't it? Because in Cox, all they really had to look at is the question of whether or not, as the Court put it, whether soliciting somebody to murder your wife made it substantially more likely that bodily harm was going to result. And it doesn't strike me as a very remarkable conclusion that it does. That's not what we're talking about here. But to reach that conclusion, you have to determine whether solicitation can be included within the definition. And that's what both Cox and Shoemake, they said that language. But as to Cox, I'm not yet speaking to Shoemake, because I think that's a case that helps you quite a bit. But as to Cox, I think the issue was whether or not the crime of which he was convicted carried with it a high risk of violence. And solicitation for somebody to kill your wife pretty clearly carries with it a high risk of violence. So the real question wasn't the definition of solicitation. The real question was whether or not the fact of solicitation created a high risk of violence. That's Cox. But Shoemake helps you. But Shoemake relies on the same high-risk language. And the high-risk language only goes to the crime of violence. It doesn't apply to the drug traffic wrong. But again, in the career offender guideline, 4B1.2. Yes. It lists crimes of violence and drug trafficking crimes. And then the language, I believe, is in determining whether something is a drug trafficking crime or a crime of violence, prior convictions include the inchoate offenses, basically. And the Court has interpreted that language as including solicitation to commit those offenses. Well, haven't we said it can include? We've said that the list, the word includes is not a limitation. That's correct. Certainly. It's not exhaustive. It can include. Did Cox say that it does include? Or did Shoemake interpret it that way? What Cox said is the fact that solicitation, I think what Cox specifically said was the fact that solicitation wasn't mentioned in that list in the guideline doesn't mean it's not included. Doesn't mean it's excluded. Right. Right. And then Shoemake took a little leap of logic, it seems to me, and said, oh, gee, it's included. But that's not what Cox said. It said the fact that you have to look at that list as the guidelines itself say, not exclusive, and then Shoemake says, well, you've got solicitation is similar enough to those inchoate crimes to be included. And that's where we are today, and that's where we were when the district court sentences defended. Does Arizona define solicit and encourage differently? Not that I'm aware of. Why, if they are synonymous terms, let's just say not just similar but the same, why does the statute say commands, encourages, requests, or solicits? If solicit and encourage are the same, why was it not sufficient when writing the statute merely to say solicits? Well, the normal statutory construction would indicate that there is some difference there. Yes, that's right. I mean, the normal construction is if two terms are used, they mean something different. Otherwise, you would have used one. Right. So what am I supposed to do with that? Well, then, in this case, what you can do, you can go to the next step. And the district court in this case had the sentencing transcript from the Arizona offense, and you can look at under the modified categorical approach, see if you can narrow down which branch of the solicitation statute was at issue here. Which might mean, then, that we would have to remand? No. I think the court, the district court certainly had that information in front of it. But the district court didn't tell us that it was applying a modified categorical. No. I don't think the district court specified one way or the other, actually. It did not. Did the government make any argument about modified categorical? It seems to me that the record shows the colloquy, the underlying plea colloquy was lodged, but was it used? The attorney, the prosecutor during the sentencing did talk about the facts of the case that were, the facts of the prior conviction that were in the sentencing transcript, certainly. So it was presented verbally. There was not a specific discussion about categorical or modified categorical. Both sides seem to be arguing strictly on whether solicitation was included within the definition of the statute or not, actually. That sounds like categorical. Counsel, if Judge Gould will interject a question, please. I'm going to assume that the district court didn't explicitly apply a modified categorical approach, that he was applying categorical. But then we normally can affirm for any grounds supported by the record. So is there an impediment to our looking at the modified categorical approach in this case? If we thought it led to affirmance, could we use it? Yes, I think you could do that in this case, certainly, because it's basically under the modified categorical approach, you're basically making a legal conclusion. The transcript is in the record. The district court certainly said she looked at the transcript of the prior change of plea proceeding. It was argued. So there is – it's in the record, and since it's strictly a legal analysis of whether – what prong of the Arizona solicitation statute the conviction was under, you could do that, certainly. What evidence is there? Typically – I'm sorry. Please, Judge Gould. Let's see. Typically, when we use that doctrine to affirm for some reason stated – for some reason supported by the record, we don't always remand just because the court didn't mention that reason, right? That's correct. That's for the purpose of that doctrine. I'm not saying whether it's applicable here or not. Okay. Go ahead, Judge Fletcher. Thank you. Well, if we were to try to do the modified categorical here, what is there in what he apparently pled guilty to doing that tells us that he solicited this person to let him – to stash the stuff rather than responded to a request that he – that he stashed the marijuana? Well, what he – the facts of the change of plea on the Arizona case was that the defendant had a trailer that had two or three large bundles of marijuana in it. I'm sorry. I have to say that again. I just – I couldn't understand. It was just a rumble. It was not – it's the acoustics. It's not your fault. The defendant had a trailer that had two or three large bundles of marijuana in it, and he knew they were there. He was being paid $300 essentially to store the marijuana there. He agreed to let others store the marijuana there. I would say he was soliciting somebody else to move that marijuana out of there and distribute it. As opposed to having been solicited to stash it? I think you could go either way, actually. I think I interrupted you, Judge. Well, it's the same question. That is, how do I know from what he pled guilty to that he did not respond to someone else's request and say okay, rather than he initiated and encouraged or solicited? Well, you look at it based on the facts that he pled guilty to. The marijuana was brought to his trailer, and the marijuana was going to leave his trailer. Right. He had to solicit somebody to get that marijuana out of there. That depends on what you mean by solicit. If by solicit you would include Joe came to me and asked me if I would allow him to store his marijuana for a couple of days in return for some money, if that is solicitation by me, when Joe comes to me and I say okay, then you're right. But that's not the normal definition of solicit. But the – from the facts and the change of plea, the marijuana was going somewhere. It wasn't staying at that trailer. Well, I know, but the question is who solicited whom? Well, again, the defendant pled to soliciting. Yes, but that was a plea bargain, right? That's correct. He was originally charged with possession. I think you'll concede. And then there was a plea bargain, which perhaps at the time seemed like a gift, but it may not seem like such a great gift at the moment, 16 levels later. And solicitation is – the common law definition, right, is the recruitment of one who has not yet formed criminal intent. So if he's the guy who said yes, you can – you know, was solicited and agreed to let the marijuana be stored in his trailer, you see it becomes quite a problem for us, doesn't it? Well, yeah, counsel, I'm thinking about Judge Christen's question and wondering why we have to be concerned about solicitation as opposed to encouragement. Why isn't it encouraging the substantive offense if you stash the stuff at your place? The offense can't go forward. No one's going to be able to sell marijuana if it's not stored somewhere in a room or a warehouse. So, I mean, do we have to decide the question of whether he solicited the drug dealer or the drug dealer solicited him? Or could we say under the modified categorical approach that his stashing the stuff in his trailer encouraged the offense to go forward? If you said that, and I think you could say that, but then that would run into Judge Fletcher's question about being encouraged doesn't mean solicit. There you are. I mean – Which means that we've got to expand Shoemade if we're going to do that. Correct. I mean, I think the difficulty we're having as a practical matter, which Judge Christen pointed out, is the facts he admitted to actually are the substantive offense. Yeah. The problem is he pled to something he didn't do. Right. Right. I think we could all agree on that. Right. That's why I commented that it may have seemed like a gift at the time, but 16 levels later it probably doesn't. Well, it certainly helped him in the Arizona court. Okay. Thank you. Thank you very much. Response? Just a couple of areas, Your Honor. One thing that struck me when I was reading the 1997 change of plea in State court was that it really danced around everything except the solicitation, what the actual charge he was pleading to, because it seems at that point that the record is clear at the change of plea proceeding that the grand jury transcript was handed to the judge, and the judge simply read off that grand jury transcript, and finally he just says, do you plead to the solicitation offense? And it was a strange proceeding, the way it proceeded, because it didn't mention the actual words that are used in the solicitation, encouragement or however that happened. And at this point now, we're guessing, you know, 13, 14 years later, what the trial court meant and what was supposed to have happened here. What we do have is that there was a trailer, there was marijuana there, he was being paid a paltry sum to watch it, and that's it. That's all we have in the case. And I think to make the conclusion that obviously somebody told him to store it there. He says it wasn't his, that he was there simply to pay $300 to keep it there at the trailer, and that was it. There was nothing about any trafficking. In fact, he was asked specifically, at that change of plea, were you trafficking it? And he says, no, I was only holding it, storing it there. Somebody else was trying to pick it up, and that was it. And, Your Honors, as to the categorical approach, the government in the State proceeding the district court proceedings, the government took the position that it was simply a drug trafficking offense categorically without going into anything else. So I understand Judge Gould's position in talking about perhaps that the, this court has, in other instances, using the modified categorical approach, had the judge relied on it, but there's no indication whatsoever that the district court did so. In this particular case, we had a visiting judge at that time, Judge Reedy from Iowa that was there doing the sentencing rather than the assigned judge as indicated in the record as Judge Zips. So to that end, you know, it's simply what was presented to Judge Reedy. Reedy accepted the government's argument that it was categorically a drug trafficking crime, and that was it. There was no discussion whatsoever about any modified categorical approach. In fairness to the government, they did in their response to the objections filed by the defense counsel and district court did mention something perhaps of a categorical approach, but they never argued it, never submitted it, never even asked the court to consider that during the time of sentencing. If we were to conclude that this cannot be sustained on the categorical approach, are you then suggesting that we remand to the district court to look at it under the modified categorical? If need be, that could be done. But I still don't think that the government has sufficient documents to even show that. Because, again, the, you know, I've been doing Federal cases since 1986, Your Honor. This is one of those change of pleas that you see and you wonder what was going on between the defense attorney at that time. I'm not even encouraging the state court judge to be focusing the inquiry regarding the solicitation statute. I know Mr. Lamar Couser has since passed away, but I knew him back then. And I thought he was always a good attorney. But in that particular case, except for the word being bandied, solicitation, nothing else is really asked about it. And that's what makes it difficult for all of us in this particular case, not just us. But I think because of that fashion and the way it is, it is what it is. It can't change what we can't. Okay. Thank you, Your Honor. Thank you. Thank both sides for your arguments. An interesting and tricky case. United States v. Salgado, you are now submitted for decision.
judges: Fletcher, Gould, Christen